```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS
                   HOUSTON DIVISION


UNITED STATES OF AMERICA,        §
                                 §
          Plaintiff,             §
                                 §
v.                               §   CRIMINAL NUMBER H-91-044-01
                                 §
RICHARD E. DOVER,                §
                                 §
          Defendant.             §
```

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Defendant's Motion to Modify the Conditions of Probation (Docket Entry No. 39) pursuant to Federal Rule of Criminal Procedure 32.1(c) and 18 U.S.C. §§ 3563(c) and 3564(c).  For the reasons explained below, defendant's motion will be denied for lack of jurisdiction.

### I.  Undisputed Facts

On November 27, 1991, Dover pleaded guilty to two counts of making false statements to a savings and loan institution.  On April 16, 1993, the court sentenced Dover to two years' probation. As a special condition of probation, Dover was ordered to pay restitution immediately in the amount of $19,620,928.58.[1] The probation for which Dover received restitution ended in 1995.[2]

---

[1] See Corrected Judgment in a Criminal Case, Exhibit B attached to Docket Entry No. 41.

[2] See Defendant's Memorandum of Law in Support of Motion to
(continued...)

Since 2002 Dover and the United States have been engaged in extensive litigation in the United States District Court for the Eastern District of Tennessee and the United States Court of Appeals for the Sixth Circuit regarding the government's attempt to collect payment for the restitution ordered in 1993.  Dover contended that the order to pay restitution ended with his probation, and the United States District Court for the Eastern District of Tennessee agreed.[3]  The government appealed, and the Sixth Circuit reversed.  Federal Deposit Insurance Corp. v. Dover, 453 F.3d 710 (6th Cir. 2006).

## II.  Motion to Modify

Asserting that "the Sixth Circuit has held that the restitution obligation, which is a condition of Mr. Dover's probation, continues,"[4] Dover moves the court to modify the order for restitution to reflect that the order has been satisfied or, in the alternative, to reduce the amount due to $0.  Alternatively,

---

[2](...continued)
Modify the Conditions of Probation, Docket Entry No. 40, p. 3 n.3, and Government's Response to Richard Dover's Motion to Modify Conditions of Probation, Docket Entry No. 42, p. 6 n.5 (explaining that "Dover completed probation for the offenses resulting in the order of restitution in 1995."  See also Memorandum Opinion, No. 3:03-CV-210, Eastern District of Tennessee, Knoxville Division, Exhibit F attached to Docket Entry No. 41, p. 3.

[3]See Memorandum Opinion, Exhibit F attached to Docket Entry No. 41.

[4]Defendant's Memorandum of Law in Support of Motion to Modify the Conditions of Probation, Docket Entry No. 40, p. 4.

Dover moves the court to terminate his probation. The government argues that the court lacks jurisdiction to grant Dover any relief because his term of probation has expired.

### A. Jurisdiction to Modify Dover's Order of Restitution

Citing Federal Rule of Criminal Procedure 32.1(c), Dover argues that

> [t]he Sixth Circuit has opined that the restitution, which is a special condition of probation and not a separate sentence, remains an obligation. Thus, the Sixth Circuit has effectively extended Mr. Dover's probation indefinitely until the $19 million is paid. Accordingly, this Court has jurisdiction pursuant to 18 U.S.C. § 3563(c) to modify or reduce the restitution.[5]

The government responds that the court lacks jurisdiction either to modify the amount of restitution that Dover owes or to eliminate Dover's obligation to pay restitution because

> Dover's period of probation commenced on the day he was sentenced. 18 U.S.C. § 3564(a). He completed probation in 1998. When Dover's period of probation ended, he was in default of his obligation under the order of restitution, not relieved of that obligation. The end of Dover's probation simply did not affect the order of restitution, although, at that time, he was clearly delinquent in an obligation which was due immediately.[6]

Dover argues in reply that "*[t]he effect of the Sixth Circuit's opinion is that the probation continues*. Accordingly, this Court

---

[5]Id. at pp. 5-6.

[6]Government's Response to Richard Dover's Motion to Modify Conditions of Probation, Docket Entry No. 42, p. 6. The government explains that "Dover completed probation for the offenses resulting in the order of restitution in 1995. Dover was sentenced to three and five years probation for other offenses." Id. at n.5.

has jurisdiction pursuant to 18 U.S.C. § 3563(c) to modify or reduce the restitution."[7]

> 18 U.S.C. § 3563(c) allows the court to
>
> modify, reduce, or enlarge the conditions of a sentence of probation at any time prior to the expiration or termination of the term of probation, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the conditions of probation.

Federal Rule of Criminal Procedure 32.1(c) describes the procedures to be used when conditions of probation are modified. Although Dover acknowledges that he "was released from probation in 1998,"[8] he argues that the court retains jurisdiction to modify the amount of restitution ordered because the Sixth Circuit has held that his obligation to pay the restitution has not expired. Dover cites no authority in support of his argument, and the court has found none. Moreover, Dover's argument that the Sixth Circuit's opinion effectively continues his term of probation misconstrues that opinion.

The Sixth Circuit held that the effect of Dover's failure to pay the restitution immediately as ordered by the judgment entered in this criminal action is that the unpaid restitution is now a debt subject to collection "pursuant to 18 U.S.C. § 3663(h), the

---

[7]Defendant's Reply to Government's Response to Motion to Modify the Conditions of Probation, Docket Entry No. 44, pp. 1-2.

[8]Defendant's Memorandum of Law in Support of Motion to Modify the Conditions of Probation, Docket Entry No. 40, p. 11.

-4-

clause that empowers the victim to pursue enforcement 'in the same manner as a judgment in a civil action.'"  Dover, 453 F.3d at 712 & n.1.  In so holding the Sixth Circuit observed that "[i]t is undisputed that, although Section 3663(f) [and (h) were repealed] in 1996, that it applies to this case because Dover was sentenced while it was still in effect."  See id. at 711.  In pertinent part 18 U.S.C. § 3663(h) provides "[a]n order of restitution may be enforced— . . . (2) by a victim named in the order to receive the restitution, in the same manner as a judgment in a civil action." See Dover, 453 F.3d at 712 & n.2.  Explaining that "[r]estitution is a debt, which may be collected using the means appropriate to other debts," id. at 716, the Sixth Circuit reasoned that this case "involves a clear order to pay restitution immediately, and . . . the policy underlying restitution would be thwarted if a convict could merely delay payment beyond the end of probation."  Id. at 715.  Neither the District Court in Tennessee, nor the Sixth Circuit expressed any doubt that Dover's term of probation ended years before the collection effort of which Dover complains started.  See id. at 711 (acknowledging that "[i]n 1998, Dover completed his probation.").

Because § 3563(c) only grants district courts the authority to modify conditions of probation "at any time prior to the expiration or termination of the term of probation," and because Dover has neither cited any authority nor presented any reasoned argument pursuant to which the court could conclude that the ability of

-5-

victims to collect a debt created by an order for restitution that is "to be paid immediately," acts to extend the two-year term of probation to which Dover was sentenced, the court is not persuaded that 18 U.S.C. § 3563(c) provides it jurisdiction to modify the conditions of Dover's probation.

In <u>United States v. Hatten</u>, 167 F.3d 884, 887 n.5 (5th Cir. 1999), the Fifth Circuit explained that "restitution, in general, is a sentencing issue that should be raised on direct appeal." Dover admits that his "counsel at sentencing did not object to the $19 million restitution order and did not appeal the order."[9] Dover argues that his counsel's failure either to object to the order for restitution at sentencing or to appeal that order "reflects the belief by everyone involved that [he] was not expected to actually pay the $19 million but, instead, was to settle and pay the victim during probation."[10]  Since Dover failed to appeal his sentence, including the restitution order, and since the period of probation to which Dover was sentenced expired long ago, the court is not persuaded that it retains jurisdiction to hear Dover complain about his sentence.  <u>See</u> <u>United States v. Medlin</u>, 54 Fed.Appx. 592 (5th Cir. 2002) (rejecting defendant's challenge to order of restitution pursuant to Federal Rule of Civil Procedure 60(b)(4) because "[i]n <u>Hatten</u>, this court determined that

---

[9]Defendant's Memorandum of Law in Support of Motion to Modify the Conditions of Probation, Docket Entry No. 40, p. 9 n.11.

[10]<u>Id.</u>

the district court lacked jurisdiction to issue an order modifying a restitution order on grounds of illegality under 18 U.S.C. §§ 3663(g) and 3583(e)(2), 28 U.S.C. § 2255, a writ of <u>coram nobis</u>, or 'under any other federal law'").

However, were the court to consider the motion on the merits, the court would not be persuaded to modify the order of restitution. In support of his motion to modify Dover argues that

> [t]he simple fact is that the underlying victim, for whose benefit the restitution was ordered, has been satisfied by virtue of Mr. Dover's negotiation and payment of a settlement. . . . Mr. Dover requests that this court modify the restitution order to reflect that the restitution order has been satisfied. . . [S]uch an order would reflect the fact that Mr. Dover was not capable at the time of sentencing and is not capable now of paying $19 million. When ordering restitution pursuant to the Victim Witness Protection Act, under which Mr. Dover was sentenced, courts must examine certain factors, including 'the amount of loss,' and 'the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate.' 18 U.S.C. § 3664(a). The Presentence Report reflects that Mr. Dover was clearly unable to pay $19 million at the time restitution was ordered. . . All of the foregoing factors suggest that this Court did not expect that Mr. Dover would be able to pay the $19 million restitution order. Instead, Mr. Dover did the best he could, settling with the victim for an amount that he could pay in monthly installments and ensuring that the amount was paid before he was released from probation. Mr. Dover asks that this Court modify the restitution order to reflect that it has been satisfied or that the amount be reduced to $0.[11]

Both the District Court in Tennessee and the Sixth Circuit rejected Dover's argument that settlement of his civil liability of

---

[11]<u>Id.</u> at pp. 7-9.

$284 million (for $5,000) satisfied the order of restitution entered in this action. See Dover, 453 F.3d at 717 (affirming the district court's ruling that Dover's settlement of his civil liability did not affect the restitution order). In United States v. Sheinbaum, 136 F.3d 443, 448 (5th Cir. 1998), the Fifth Circuit rejected a similar argument concluding that since restitution serves both a penal and a compensatory function, courts may impose restitution orders in spite of civil settlements. The Fifth Circuit explained that the victim's agreement "in a civil proceeding that it has been compensated fully does not prevent a district court from pursuing the rehabilitative and retributive functions of the criminal law served by restitution." Id. Although the civil settlement in Sheinbaum was entered before the order of restitution was imposed instead of after as in this case, the court concludes that the rationale employed in Sheinbaum applies when a civil settlement is cited in support of an argument that a defendant should be released from criminally imposed restitution. See United States v. Lester, Civil Action No. 3:06-CV-526-L, 2007 WL 804449, *3 & n.5 (N.D. Tex. March 14, 2007) (relying on Sheinbaum rationale to deny objection to writ of garnishment issued in effort to collect restitution). Moreover, although Dover asserts that he is not capable of paying the restitution, he has failed to offer any evidence in support of this assertion. Accordingly, the court would not be persuaded that

Dover's settlement with the assignee of the underlying judgment constitutes cause to modify the order of restitution at issue in this case.

**B.    Jurisdiction to Terminate Dover's Probation**

Alternatively, Dover moves the court to terminate probation pursuant to 18 U.S.C. § 3564(c). Section 3564(c) states that

> [t]he court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.[12]

The government responds that "[s]ince Dover has completed his period of probation, there is nothing for this Court to terminate and section 3564 does not provide this Court with jurisdiction to fulfill Dover's request to relieve him of restitution."[13] The court agrees.

Since Dover acknowledges that he "was released from probation in 1998,"[14] and since Dover has not cited any authority in support

---

[12]Defendant's Memorandum of Law in Support of Motion to Modify the Conditions of Probation, Docket Entry No. 40, pp. 9-10.

[13]Government's Response to Richard Dover's Motion to Modify Conditions of Probation, Docket Entry No. 42, p. 6.

[14]Defendant's Memorandum of Law in Support of Motion to Modify the Conditions of Probation, Docket Entry No. 40, p. 11.

of his argument that the victim's ability to collect the debt created by the court's order that he pay restitution "immediately" means that his term of probation has not already been terminated, the court is not persuaded that § 3564(c) provides it jurisdiction to terminate the order for restitution because Dover's term of probation has already ended.  See Hatten, 167 F.3d at 887 n.5 ("restitution . . . is a sentencing issue that should be raised on direct appeal").

### III.  Conclusions and Order

For the reasons explained above, the court concludes that it lacks jurisdiction to modify the defendant's sentence. Accordingly, Defendant's Motion to Modify the Conditions of Probation (Docket Entry No. 39) is **DENIED** for lack of jurisdiction.

**SIGNED** at Houston, Texas, on this the 17th day of May, 2007.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE